OPINION. Van Fossan, Judge: The question posed in this case is whether the petitioner is taxable on the income of certain trusts under the provisions of section 167 or of section 22 (a) of the Internal Revenue Code. Much the same problem was before us on comparable facts in Frederick Ayer, 45 B. T. A. 146, where the grantor retained broad powers of management and the trust income could be used for the “support, education, comfort and happiness” of the grantor’s children. There, as in the instant case, none of the income was so used in the taxable years. We held against the respondent and ruled that the income was not taxable to the petitioner under either section 167 or section 22 (a) . Again, in David Small, 3 T. C. 1142, we had the identical question. We pointed out in that case that subsequent to the Ayer case, respondent acquiesced in the holding of that case and established its principles as binding administrative policy; that thereafter, the Supreme Court, in Helvering v. Stuart, 317 U. S. 154, repudiated the theory of E. E. Black, 36 B. T. A. 346, on which the holding in the Ayer case was based, thus casting doubt on the correctness of the Ayer case; that yet later, the Congress, by the adoption of section 134 of the Revenue Act of 1943, overruled the Stuart case and retroactively reinstated the rule exemplified by E. E. Black, sufra. After reciting the above events, we stated in the Small case that “under these circumstances we view the result of the Ayer case as now reestablished and hence, as governing all similar situations, among which we place the present proceeding.” A concurring opinion was filed taking the position that section 134 alone was the proper authority for the ruling in the then instant case. The holding of the Small case was reaffirmed in Estate of O. M. Banfield, 4 T. C. 29., We there held that such income not actually used for support of the beneficiaries was not taxable to the grantor. Applying the above precedents to the present case, we are of the opinion that the facts here found bring the case squarely within the scope of the cited decisions and make them decisive. The rulings of the Ayer and Small cases are entirely apt and require the ruling that the income is not taxable to the petitioner under section 167 of the Internal Revenue Code. If the position taken in the concurring opinion in the Small case, i. e., that section 134 and not the Ayer and Black cases should be held controlling, be advanced here, respondent can find no solace therein. The facts bring the case squarely within section 134 of the code. That section has been literally complied with and appropriate consents have been filed. There remains for decision, therefore, only the question whether the facts of record bring this case within the scope of the decision of the Supreme Court in Helvering v. Clifford, supra. In the Clifford case it was stated that the “answer to the question must depend on an analysis of the terms of the trust and all the circumstances attendant on its creation and operation.” The rights reserved by the grantor were limited a,nd for. specific purposes. These rights were (1) to require his consent to the sale of Kalamazoo Stove Co. stock; (2) to vote the same stock; (3) to approve the investment of income by the trustee; (4) to substitute trustees; and (5) to postpone for a limited time the final distribution of the trust corpus to the beneficiary. All of those reservations were made by the grantor at the suggestion of Taylor and solely for the benefit of the benficiary. In fact, when the grantor created the trusts and at all times during their existence under Taylor’s management, he emphatically disclaimed any right to manage or control the trust funds or the income therefrom and insisted that such funds should be entirely free from his own interest or benefit. He retained no dispositive control over either income or corpus. See Hall v. Commissioner, 150 Fed. (2d) 304; David L. Loew, 7 T. C. 363. The reservations insisted on by Taylor were incorporated in the trusts to be used only in the emergency that the uncertain bank situation should become critical and in the eventuality that Betty should fail to show evidence of her ability to manage her own affairs. As events proved, the anticipated bank emergency never arose. The control of the bank was obtained by citizens of Kalamazoo and Taylor remained as its trust officer. The petitioner never exercised his right to vote the Kalamazoo Stove Co. stock, to veto its sale, or to veto Taylor’s investment of the trust income. He executed only formal required consents to the sale of Kalamazoo Stove Co. stock. He substituted trustees solely because of the precarious bank situation and he altered the period for the final distribution of the corpus to Betty only because of her early marriage and her own inexperience in financial affairs. Both acts were prompted by conditions which arose after the execution of the trusts but which, at that time, were anticipated as being possible. Both were wholly in the beneficiary’s interest. Under these circumstances, it is clear that the petitioner never actually realized, nor could he realize, any gain, profit, or economic benefit through the retention or exercise of any of the rights reserved to him in the trusts. See Hall v. Commissioner, supra; Cushman v. Commissioner, 153 Fed. (2d) 510. The recent case of Ward Wheelock, 7 T. C. 98, contains some elements similar to those found here and presents a situation less favorable to the petitioner than here. There the petitioner transferred stock in a “family corporation”; here the petitioner was only a minority stockholder in the Kalamazoo Stove Co. The trusts there and here were all irrevocable. There the income was payable to the grantor’s wife, one of the trustees, for the maintenance, education, and support of the beneficiaries. All unexpended income was to be accumulated and paid to the beneficiaries at a definite time. In no event was the income to be paid to the grantor for his own use. After the beneficiary should become 25 years of age (21 if the settlor were deceased) the entire net income was to be paid currently to the beneficiary until he should become 35 years of age. The trustees were given the usual general powers to manage the trust property. None of the family corporation stock could be sold without the consent of the grantor or his wife, who was to hold the proxies to vote such stock, or could designate a holder. In the 1Wheeloch case we held that the grantor did not retain powers equivalent to ownership and hence was not taxable on the income from the trusts. Here, in view of the provisions of the trusts, the petitioner’s purpose in establishing them, his actions subsequent thereto, and all other pertinent facts of record, we come to the same conclusion. See Kohnstamm v. Pedrick, 153 Fed. (2d) 506. In view of our decision on the major issue, it is unnecessary to discuss or decide the collateral issue. Reviewed by the Court. Decision will be entered under Rule 50. Leech, Tyson, and Keen, JJ., concur only in the result.